Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (602) 956-1409
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiffs*

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

|  |  |
|---|---|
| **Jessica Ramirez**, **Laurin Godson,** and **Victoria Lisak**, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Thomas Arnold Inc.**, an Arizona Corporation, **Thomas Brodie Inc.**, an Arizona Corporation, **Thomas Brodie II Inc.,** an Arizona Limited Liability Company, **Dean L. Thomas and Jane Doe Thomas**, a married couple, and **Richard Brodie and Jane Doe Brodie**, a married couple,<br><br>Defendants. | No. 2:17-cv-00150-SMM<br><br>**PLAINTIFFS' FIRST AMENDED COLLECTIVE ACTION COMPLAINT**<br><br>**(Demand for Jury Trial)** |

Plaintiffs, Jessica Ramirez ("Plaintiff Ramirez"), Laurin Godson ("Plaintiff Godson")**,** and Victoria Lisak ("Plaintiff Lisak") (collectively "Plaintiffs"), individually, and on behalf of all other persons similarly situated, allege as follows:

## **PRELIMINARY STATEMENT**

1.     Plaintiffs bring this action on behalf of themselves and all similarly-situated current and former servers and bartenders of Defendants who were compensated at a rate

of less than the applicable Arizona and federal minimum wage on account of receiving tips in a given workweek.

2.      Plaintiffs, individually, and on behalf of all others similarly-situated, bring this action against Defendants[1] for their unlawful failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (the "FLSA").

3.      Plaintiffs bring a collective action under the FLSA to recover the unpaid minimum wages and improperly withheld tips owed to them individually and on behalf of all other similarly-situated employees, current and former, of Defendants. Members of the Collective Action are referred to as the "Collective Members."

4.      The Collective Members are all current and former servers and bartenders who were employed by Defendants at any time starting three years before this Complaint was filed, up to the present.

5.      This is an action for unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

6.      The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40 hour workweeks. The FLSA's definition of the term "wage," in turn, recognizes that under certain circumstances, an employer of tipped employees may credit

---

[1]      All Defendants to this action are collectively referred to as either "Cornish Pasty Co." or "Defendants" unless specified otherwise.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

a portion of its employees' tips against its minimum wage obligation, a practice commonly referred to as taking a "tip credit."

7.    Under the FLSA, employers must inform their tipped employees of the provisions of 29 U.S.C. § 203(m) and its supporting regulations in order to be able to take a tip credit with respect to their employees' wages.

8.    In addition to informing their tipped employees of 29 U.S.C. § 203(m) and its supporting regulations, employers must allow their tipped employees to retain all tips earned, except to the extent that they require the tipped employees to participate in a valid tip pooling arrangement. A valid tip pooling arrangement includes only employees who customarily and regularly receive tips.

9.    The Arizona Minimum Wage Act, A.R.S. § 23-363, establishes a minimum wage within the State of Arizona. A.R.S. § 23-363 recognizes that, under certain circumstances, employers may impose a maximum tip credit on the wages of their tipped employees of $3.00 per hour.

10.   The FLSA, in turn, requires that employers comply with any State law that establishes a higher minimum wage than that established by the FLSA. *See* 29 U.S.C. § 218(a). Therefore, federal law requires that all Arizona employers comply with the minimum wage standards set forth by the Arizona Wage Act and limits the maximum allowable tip credit to $3.00 per hour. *See Montijo v. Romulus, Inc.*, 2015 WL 1470128, at *5 n. 4 (D. Ariz. March 30, 2015).

11.   For example, the Arizona minimum wage in 2014 was $7.90. If an employer of tipped employees has satisfied its tip credit obligations, it may impose a tip

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

credit on that overtime rate of up $3.00 per hour, for a total minimum hourly rate of $5.05.

12.     For example, the Arizona minimum wage in 2015 was $8.05. If an employer of tipped employees has satisfied its tip credit obligations, it may impose a tip credit on that overtime rate of up $3.00 per hour, for a total minimum hourly rate of $5.05.

13.     For example, the Arizona minimum wage in 2016 was $8.05. If an employer of tipped employees has satisfied its tip credit obligations, it may impose a tip credit on that overtime rate of up $3.00 per hour, for a total minimum hourly rate of $5.05.

14.     For example, the Arizona minimum wage is currently $10.00 in 2017. If an employer of tipped employees has satisfied its tip credit obligations, it may impose a tip credit on that overtime rate of up $3.00 per hour, for a total minimum hourly rate of $7.00.

15.     Defendants imposed a tip credit upon all of their servers and bartenders, including Plaintiffs and the Collective Members.

16.     Defendants engaged in the regular policy and practice of not allowing Plaintiffs and the Collective Members to retain all tips they received. Specifically, Defendants subjected Plaintiffs and the Collective Members to their policy and practice of requiring participation in a tip pool that included staff who do not customarily and regularly receive tips, such as cooks, dishwashers, and management, in violation of 29 U.S.C. § 203(m).

17.     Therefore, Defendants were precluded from exercising a tip credit against Plaintiffs' and Collective Members' wages.

18.     Defendants did not notify Plaintiffs, or any of the Collective Members, of the provisions of 29 U.S.C. § 203(m) and 29 C.F.R. § 531.59 before imposing a tip credit on their wages.

19.     Therefore, Defendants did not pay Plaintiffs or the Collective Members the applicable federal or Arizona minimum wage, in violation of 29 U.S.C. § 206 and A.R.S. § 23-363, and were precluded from exercising a tip credit against Plaintiffs' and Collective Members' wages.

20.     Defendants, intending to exercise a tip credit against Plaintiffs' and the Collective Members' wages, did not provide written notice to Plaintiffs or the Collective Members prior to exercising the tip credit.

## JURISDICTION AND VENUE

21.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

22.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this action arises under the Constitution and laws of the United States.

23.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiffs and the Collective Members occurred within the District of Arizona, and Defendants regularly conduct business in and have

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

-5-

engaged in the wrongful conduct alleged in the Complaint – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

24.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

25.    At all times material to the matters alleged in this Complaint, Plaintiff Ramirez was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

26.    At all material times, Plaintiff Ramirez was a full-time, non-exempt employee of Defendants who worked at Defendants' Mesa, Arizona location, located at 1941 West Guadalupe Road, Mesa, Arizona 85202 from approximately June 1, 2013 through approximately February 15, 2017.

27.    At all times material to the matters alleged in this Complaint, Plaintiff Godson was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

28.    At all material times, Plaintiff Godson was a full-time, non-exempt employee of Defendants who worked at Defendants' Scottsdale, Arizona location, located at 3800 N. Goldwater Boulevard, Scottsdale, Arizona 85251 from approximately November 1, 2013 through approximately July 31, 2014, and at Defendants' Mesa, Arizona location, located at 1941 West Guadalupe Road, Mesa, Arizona 85202 from approximately August 1, 2014 through approximately February 15, 2017.

29.     At all times material to the matters alleged in this Complaint, Plaintiff Lisak was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

30.     At all material times, Plaintiff Lisak was a full-time, non-exempt employee of Defendants who worked at Defendants' Mesa, Arizona location, located at 1941 West Guadalupe Road, Mesa, Arizona 85202 from approximately April 1, 2013 through approximately August 31, 2015, and at Defendants' Scottsdale, Arizona location, located at 3800 N. Goldwater Boulevard, Scottsdale, Arizona 85251 from approximately October 1, 2015 through the November 30, 2016.

31.     At all material times, Plaintiffs were employed by Defendants and paid as tipped employees. Defendants employed Plaintiffs to perform various tipped and non-tipped duties, including, but not limited to, serving drinks and food to customers, tending the bar, cleaning, busing tables, and other side work required of him by Defendants.

32.     At all material times, Plaintiffs were employees of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1) and were non-exempt employees under 29 U.S.C. § 213(a)(1).

33.     Plaintiffs have given their written consent to be party Plaintiffs in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as "**Exhibit A**."

34.     Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated who are current or former tipped employees of

-7-

Defendants, including but not limited to servers and bartenders who agree in writing to join this action seeking recovery under the FLSA.

35.    Plaintiffs bring this action on behalf of themselves and on behalf of all other similarly situated current and former employees of Defendants–specifically, servers and bartenders whose hourly wages were subject to a tip credit and whose wages, therefore, were less than the applicable statutory minimum wage.

36.    Defendant Thomas Arnold Inc. is an Arizona corporation, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Collective Members' Employer as defined by 29 U.S.C. § 203(d).

37.    At all relevant times, Defendant Thomas Arnold Inc. owned and operated as Cornish Pasty Co. Mesa, a full-service restaurant and bar located at 1941 West Guadalupe Road, Mesa, Arizona 85202 (the "Mesa Location").

38.    Under the FLSA, Defendant Thomas Arnold Inc. is an employer. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Defendant Thomas Arnold Inc. is the owner of Cornish Pasty Co. Mesa Location. At all relevant times, Defendant Thomas Arnold Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' and the Collective Members' employment with Cornish Pasty Co. Having acted in the interest of Cornish Pasty Co. in relation to the company's employees, including Plaintiffs, Defendant Thomas Arnold Inc. is subject to liability under the FLSA.

-8-

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

39.     Defendant Thomas Brodie Inc. is an Arizona corporation, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Collective Members' Employer as defined by 29 U.S.C. § 203(d).

40.     At all relevant times, Defendant Thomas Brodie Inc. owned and operated as both Cornish Pasty Co. Tempe locations, both full service restaurants and bars located at 960 West University Drive, Tempe, Arizona 85281 (the "Tempe Location") and 425 South Mill Avenue, Tempe, Arizona 85281 (the "Mill Avenue Location").

41.     Under the FLSA, Defendant Thomas Brodie Inc. is an employer. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Defendant Thomas Brodie Inc. is the owner of Cornish Pasty Co. Tempe and Mill Avenue Locations. At all relevant times, Defendant Thomas Brodie Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' and the Collective Members' employment with Cornish Pasty Co. Having acted in the interest of Cornish Pasty Co. in relation to the company's employees, including Plaintiffs, Defendant Thomas Brodie Inc. is subject to liability under the FLSA.

42.     Defendant Thomas Brodie II Inc. is an Arizona corporation, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Collective Members' Employer as defined by 29 U.S.C. § 203(d).

43.   At all relevant times, Defendant Thomas Brodie II Inc. owned and operated as Cornish Pasty Co. Scottsdale, a full-service restaurant and bar located at 3800 North Goldwater Road, Scottsdale, Arizona 85251 (the "Scottsdale Location").

44.   Under the FLSA, Defendant Thomas Brodie II Inc. is an employer. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Defendant Thomas Brodie II Inc. is the owner of Cornish Pasty Co. Scottsdale Location. At all relevant times, Defendant Thomas Brodie II Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' and the Collective Members' employment with Cornish Pasty Co. Having acted in the interest of Cornish Pasty Co. in relation to the company's employees, including Plaintiffs, Defendant Thomas Brodie II Inc. is subject to liability under the FLSA.

45.   Defendants Dean L. Thomas and Jane Doe Thomas are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Dean L. Thomas is an owner of Cornish Pasty Co., including Thomas Arnold, Inc., Thomas Brodie, Inc., and Thomas Brodie II, Inc., and was at all relevant times Plaintiffs' and the Collective Members' employer as defined by the FLSA, 29 U.S.C. § 203(d). Jane Doe Thomas is an owner of Cornish Pasty Co.

46.   Under the FLSA, Defendants Dean L. Thomas and Jane Doe Thomas are employers. The FLSA defines "employer" as any individual who acts directly or

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

indirectly in the interest of an employer in relation to an employee. Dean L. Thomas and Jane Doe Thomas are the owners of Cornish Pasty Co. They had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' and the Collective Members' employment with Cornish Pasty Co. As persons who acted in the interest of Cornish Pasty Co. in relation to the company's employees, Dean L. Thomas and Jane Doe Thomas are subject to individual liability under the FLSA.

47.     Defendants Richard Brodie and Jane Doe Brodie are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Richard Brodie is an owner of Cornish Pasty Co., including Thomas Arnold, Inc., Thomas Brodie, Inc., and Thomas Brodie II, Inc., and was at all relevant times Plaintiffs' and the Collective Members' employer as defined by the FLSA, 29 U.S.C. § 203(d). Jane Doe Brodie is an owner of Cornish Pasty Co.

48.     Under the FLSA, Defendants Richard Brodie and Jane Doe Brodie are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Richard Brodie and Jane Doe Brodie are the owners of Cornish Pasty Co. They had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' and the Collective Members' employment with

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

Cornish Pasty Co. As persons who acted in the interest of Cornish Pasty Co. in relation to the company's employees, Richard Brodie and Jane Doe Brodie are subject to individual liability under the FLSA.

49.     At all relevant times, Defendants Dean L. Thomas and Jane Doe Thomas owned and operated as Thomas Arnold Inc., Thomas Brodie Inc., and Thomas Brodie II Inc.

50.     At all relevant times, Defendants Richard Brodie and Jane Doe Brodie owned and operated Thomas Arnold Inc., Thomas Brodie Inc., and Thomas Brodie II Inc.

51.     Plaintiffs are further informed, believe, and therefore allege that each of the Defendants gave consent to, ratified, and authorized the acts of all other Defendants, as alleged in this Complaint.

52.     Defendants, and each of them, are sued in both their individual and corporate capacities.

53.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiffs and the Collective Members.

54.     At all relevant times, Plaintiffs and the Collective Members were "employees" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

55.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

56.     At all relevant times, Defendants were and continue to be "employers" as defined by FLSA, 29 U.S.C. § 201, *et seq.*

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

57.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiffs' and the Collective Members' work and wages at all relevant times.

58.     At all relevant times, Plaintiffs and the Collective Members, in their work for Defendants, were engaged in commerce or the production of goods for commerce.

59.     At all relevant times, Plaintiffs and the Collective Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

60.     At all relevant times, all Defendants were joint employers of Plaintiffs and the Collective Members. At all relevant times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiffs and the Collective Members; and (2) Defendants were under common control. In any event, at all relevant times, Defendants were joint employers under the FLSA and 29 C.F.R. § 791.2(b) and employed Plaintiffs and the Collective Members.

61.     Further, at all relevant times, Defendants have operated as a "single enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose. *See Brennan v. Arnheim and Neely, Inc.*, 410 U.S. 512, 515 (1973); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 914-15 (9th Cir. 2003).

62.     Defendants operate a chain of restaurants under the assumed name "Cornish Pasty Co." They advertise themselves as such on their website. The fact that they run each Cornish Pasty Co. identically and their customers can expect the same kind

of customer service regardless of the location is a significant advertising point of Defendants. Plaintiffs have attached various screen shots of Defendants' website as "**Exhibit B**."

63.    Defendants represent themselves to the general public as one restaurant company operating at multiple locations. They share employees, have a common management, have a common ownership, have common ownership of the trade name "Cornish Pasty Co.," pool their resources, operate from the same headquarters, share common statutory agents, and have the same operating name. This is a family of restaurants that advertises together on the same website, provides the same array of products and services to its customers, and uses the same business model. The Cornish Pasty Co. family of restaurants exists under the control and direction of Defendants. This family of restaurants provides the same service product to its customers by using a set formula when conducting its business. Part of that set formula is the wage violations alleged in this Complaint. These facts represent a classic example of "corporate fragmentation." (*See generally* **Ex. B**).

## FACTUAL ALLEGATIONS

64.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

65.    Defendants own and/or operate as Cornish Pasty Co., an enterprise located in Maricopa County, Arizona.

66.    Cornish Pasty Co. is an enterprise that is a bar and restaurant that serves food and drinks to customers.

-14-

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

67.     On approximately June 1, 2013, Plaintiff Ramirez began employment with Defendants at the Mesa Location as a server and bartender, performing various repetitive tasks such as serving drinks and food to customers, cleaning, busing tables, and other side work.

68.     On approximately November 1, 2013, Plaintiff Godson began employment with Defendants at the Scottsdale Location as a server and bartender, performing various repetitive tasks such as serving drinks and food to customers, cleaning, busing tables, and other side work. On approximately August 1, 2014, Plaintiff Godson transferred the location of her employment with Defendants to the Mesa Location as a server, performing various repetitive tasks such as serving drinks and food to customers, cleaning, busing tables, and other side work.

69.     On approximately April 1, 2013, Plaintiff Lisak began employment with Defendants at the Mesa Location as a server, performing various repetitive tasks such as serving drinks and food to customers, cleaning, busing tables, and other side work. On approximately October 1, 2015, Plaintiff Lisak transferred the location of her employment with Defendants to the Scottsdale Location as a server, performing various repetitive tasks such as serving drinks and food to customers, cleaning, busing tables, and other side work.

70.     Rather than pay their tipped employees the applicable minimum wage, for the time Plaintiffs were paid as a tipped employee, Defendants imposed a tip credit upon Plaintiffs' wages at below the applicable minimum wage.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

71.    Throughout the duration of their employment, Plaintiffs were paid a rate of the applicable Arizona minimum wage less a tip credit of approximately $3.00 per hour.

72.    As a result of Defendants' imposition of a tip credit, Plaintiffs were forced to perform work at an hourly rate that was less than the applicable minimum wage.

73.    Defendants engaged in the regular policy and practice of not allowing Plaintiffs and the Collective Members to retain all tips they received. Specifically, Defendants subjected Plaintiffs and the Collective Members to their policy and practice of requiring participation in a tip pool that included staff who do not customarily and regularly receive tips, such as cooks and dishwashers, in violation of 29 U.S.C. § 203(m). Plaintiffs have attached the "Tip Sharing Policy Agreement" of Cornish Pasty Co. and a Letter Regarding the Tip Sharing Policy of Cornish Pasty Co. as "**Exhibit C**." Plaintiffs have also attached various screen shots of job advertisements posted on Craigslist.com as "**Exhibit D**." Therefore, Defendants were precluded from exercising a tip credit against Plaintiffs' and Collective Members' wages, and the manner in which Defendants paid Plaintiffs and the Collective Members violated 29 U.S.C. § 206(a).

74.    Specifically, Defendants had a policy and practice of requiring their servers and bartenders, such as Plaintiffs and the Collective Members, to collectively pool all tips they earned after every shift. *See* **Ex. C** and **Ex. D**.

75.    Defendants divided these pooled tips between and among front of house ("FOH") employees, such as servers, bartenders, bussers, and hosts, and non-tipped back of house ("BOH") employees, such as kitchen staff, cooks, and dishwashers. *Id.*

76.     At all relevant times, Defendants implemented and maintained the policy and practice of requiring their servers and bartenders at each and every Cornish Pasty Co. location to contribute tips they earned into a pool that included employees who did not customarily and regularly receive tips, including BOH employees. *Id.*

77.     At all relevant times, Defendants implemented and maintained the policy and practice of requiring their servers and bartenders at the Mesa Location to contribute tips they earned into a pool that included employees who did not customarily and regularly receive tips, including BOH employees.

78.     At all relevant times, Defendants implemented and maintained the policy and practice of requiring their servers and bartenders at the Mesa Location to contribute tips they earned into a pool that included prep cooks.

79.     At all relevant times, Defendants implemented and maintained the policy and practice of requiring their servers and bartenders at the Mesa Location to contribute tips they earned into a pool that included oven cooks.

80.     At all relevant times, Defendants implemented and maintained the policy and practice of requiring their servers and bartenders at the Mesa Location to contribute tips they earned into a pool that included kitchen staff, including kitchen managers.

81.     At all relevant times, Defendants implemented and maintained the policy and practice of requiring their servers and bartenders at the Mesa Location to contribute tips they earned into a pool that included dishwashers.

82.     At all relevant times, Defendants implemented and maintained the policy and practice of requiring their servers and bartenders at the Tempe Location to contribute

tips they earned into a pool that included employees who did not customarily and regularly receive tips, including BOH employees.

83.     At all relevant times, Defendants implemented and maintained the policy and practice of requiring their servers and bartenders at the Tempe Location to contribute tips they earned into a pool that included prep cooks.

84.     At all relevant times, Defendants implemented and maintained the policy and practice of requiring their servers and bartenders at the Tempe Location to contribute tips they earned into a pool that included oven cooks.

85.     At all relevant times, Defendants implemented and maintained the policy and practice of requiring their servers and bartenders at the Tempe Location to contribute tips they earned into a pool that included kitchen staff, including kitchen managers.

86.     At all relevant times, Defendants implemented and maintained the policy and practice of requiring their servers and bartenders at the Tempe Location to contribute tips they earned into a pool that included dishwashers.

87.     At all relevant times, Defendants implemented and maintained the policy and practice of requiring their servers and bartenders at the Mill Avenue Location to contribute tips they earned into a pool that included employees who did not customarily and regularly receive tips, including BOH employees.

88.     At all relevant times, Defendants implemented and maintained the policy and practice of requiring their servers and bartenders at the Mill Avenue Location to contribute tips they earned into a pool that included prep cooks.

-18-

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

89.     At all relevant times, Defendants implemented and maintained the policy and practice of requiring their servers and bartenders at the Mill Avenue Location to contribute tips they earned into a pool that included oven cooks.

90.     At all relevant times, Defendants implemented and maintained the policy and practice of requiring their servers and bartenders at the Mill Avenue Location to contribute tips they earned into a pool that included kitchen staff, including kitchen managers.

91.     At all relevant times, Defendants implemented and maintained the policy and practice of requiring their servers and bartenders at the Mill Avenue Location to contribute tips they earned into a pool that included dishwashers.

92.     At all relevant times, Defendants implemented and maintained the policy and practice of requiring their servers and bartenders at the Scottsdale Location to contribute tips they earned into a pool that included employees who did not customarily and regularly receive tips, including BOH employees.

93.     At all relevant times, Defendants implemented and maintained the policy and practice of requiring their servers and bartenders at the Scottsdale Location to contribute tips they earned into a pool that included prep cooks.

94.     At all relevant times, Defendants implemented and maintained the policy and practice of requiring their servers and bartenders at the Scottsdale Location to contribute tips they earned into a pool that included oven cooks.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

95.    At all relevant times, Defendants implemented and maintained the policy and practice of requiring their servers and bartenders at the Scottsdale Location to contribute tips they earned into a pool that included dishwashers.

96.    At all relevant times, Defendants implemented and maintained the policy and practice of requiring their servers and bartenders at the Scottsdale Location to contribute tips they earned into a pool that included kitchen staff, including kitchen managers.

97.    Defendants' policy and practice of requiring Plaintiffs and the Collective Members to pool tips with BOH employees violated 29 U.S.C. § 203(m) such that Defendants were prohibited from exercising any tip credit whatsoever against Plaintiffs' and the Collective Members' wages at all material times, and the manner in which Defendants paid Plaintiffs and the Collective Members therefore violated 29 U.S.C. § 206(a).

98.    Therefore, in a given workweek, and during each and every workweek of Plaintiffs' employment with Defendants, Plaintiffs worked for Defendants and were not paid the applicable minimum wage under the FLSA 29, U.S.C. § 206(a).

99.    Defendants did not notify Plaintiffs or the Collective Members of the provisions of 29 U.S.C. § 203(m) and its supporting regulations prior to taking the tip credit or at any time throughout the duration of their employment with Defendants.

100.    Defendants did not provide written notice to Plaintiffs or the Collective Members prior to exercising the tip credit.

101.   As such, Defendants were not entitled to impose any tip credit upon Plaintiffs' wages under Federal law, and Defendants should have therefore paid the full Arizona minimum wage to Plaintiffs for all time Plaintiffs and the Collective Members, worked during the course of their regular 40-hour workweeks. As such, the full applicable minimum wage for such time is owed to Plaintiffs and the Collective Members for the entire time they were employed by Defendants.

102.   Therefore, in a given workweek, and during each and every workweek of Plaintiffs' and the Collective Members' employment with Defendants, Plaintiffs and the Collective Members worked for Defendants and were not paid the applicable minimum wage under the FLSA 29, U.S.C. § 206(a).

103.   Plaintiffs believe and therefore claim that Defendants subjected each and every server and bartender that they employed, including Plaintiffs and the Collective Members, to its policy and specific course of conduct of not informing their tipped employees of the provisions of 29 U.S.C. § 203(m) and its supporting regulations.

104.   Plaintiffs believe and therefore claim that Defendants subjected each and every server and bartender that they employed, including Plaintiffs and the Collective Members, to their policy and specific course of conduct of not providing written notice to Plaintiffs or the Collective Members prior to exercising the tip credit.

105.   On approximately December 1, 2017, Plaintiff Ramirez contacted the United States Department of Labor regarding Defendants' tip sharing arrangement via telephone.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

106.    During that conversation, upon information and belief, the person with whom Plaintiff Ramirez spoke confirmed that Defendants' tip sharing arrangement violated the FLSA.

107.    As a result of that conversation, Plaintiff Ramirez confronted one or more representatives of Defendants with the information she obtained in her telephone conversation with the United States Department of Labor.

108.    In response, Defendants advised Plaintiff Ramirez that the tip sharing arrangement was in fact legal.

109.    Subsequent to their conversation with Plaintiff Ramirez, Defendants continued their tip sharing policies and practices.

110.    Defendants thereafter circulated Exhibit C to each and every server and bartender employed by Cornish Pasty Co. and implemented a policy and practice whereby each and every server and bartender employed by Cornish Pasty Co. was required to provide written consent to the terms contained in Exhibit C.

111.    Defendants simultaneously implemented a policy whereby any server or bartender who did not provide such written consent would no longer be permitted to work for Defendants as a server or bartender.

112.    On approximately January 17, 2017, Defendants provided Plaintiff Ramirez with a copy of Exhibit C, which she declined to sign. As a result, Defendants did not allow Plaintiff Ramirez to work her shift that day, sent her home without pay, and informed her that she would not be permitted to work as a server or bartender unless and until she signed the copy of Exhibit C that Defendants provided to her.

113.    Defendants implemented Exhibit C and continued their tip sharing policies and practices despite having knowledge that such policies and practices violated the FLSA, 29 U.S.C. § 201, *et seq.*

114.    On approximately February 5, 2017, Defendants circulated written notice regarding the tip credit to all of their tipped employees, including Plaintiff Godson. Plaintiffs have attached various pictures of that notice as "**Exhibit E**."

115.    Defendants' circulation of **Exhibit E** and its substantive content to their employees constituted the first occasion on which Defendants provided any written notice whatsoever regarding the tip credit to any of their tipped employees.

116.    Defendants' circulation of **Exhibit E** and its substantive content to their employees constituted the first occasion on which Defendants provided any notice whatsoever regarding the tip credit to any of their tipped employees.

117.    Defendants circulated **Exhibit E** and its substantive content to their employees as a direct result of Plaintiffs' filing their Complaint (Dkt. 1) on January 18, 2017.

118.    Plaintiffs and the Collective Members are covered employees within the meaning of the Fair Labor Standards Act ("FLSA").

119.    Defendants refused and/or failed to properly disclose to or apprise Plaintiffs and the Collective Members of their rights under the FLSA.

120.    Defendants wrongfully withheld wages from Plaintiffs and the Collective Members by failing to pay all wages due for hours Plaintiffs and the Collective Members worked for Defendants.

121.   Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiffs' and the Collective Members' work and wages at all relevant times.

122.   Due to Defendants' illegal wage practices, Plaintiffs and the Collective Members are entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, all tips contributed to the tip pool, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

## COLLECTIVE ACTION ALLEGATIONS

123.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

124.   Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) on their own behalves and as representatives of individuals similarly situated who are current or former servers and bartenders of Defendants.

125.   At all times material, Defendants paid Plaintiffs and the Collective Members at a rate of less than the full, applicable Arizona and federal minimum wage.

126.   Defendants subjected Plaintiffs and the Collective Members to their policy and practice of requiring participation in a tip pool that included employees, staff, and/or managers who do not customarily and regularly receive tips in a given workweek and during each and every workweek that Plaintiffs and the Collective Members worked for Defendants, in violation of 29 U.S.C. § 206(a).

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

127.   Defendants did not inform Plaintiffs and the Collective Members of the provisions of 29 U.S.C. § 203(m) and its supporting regulations prior to imposing a tip credit upon their wages, in violation of 29 U.S.C. § 206(a).

128.   At all times material, Plaintiffs and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully subjecting Plaintiffs and the Collective Members to their policy and practice of requiring participation in a tip pool that included employees, staff, and/or managers who do not customarily and regularly receive tips.

129.   At all relevant times, Plaintiffs and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully not informing Plaintiffs and the Collective Members of the provisions of 29 U.S.C. § 203(m) and its supporting regulations prior to imposing a tip credit upon their wages.

130.   Plaintiffs' claims stated in this complaint are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiffs is identical or substantially similar.

131.   Plaintiffs and the Collective Members were each compensated exclusively on an hourly basis for the duration of their employment with Defendants.

-25-

132.   In a given workweek, and during each and every workweek, of Plaintiffs' and the Collective Members' employment with Defendants, Plaintiffs and the Collective Members, pursuant to Defendants' policy and practice, contributed a portion of their tips to employees who do not customarily and regularly receive tips–namely, back of house employees such as kitchen staff, cooks, dishwashers, and managers.

133.   Additionally, Defendants did not inform Plaintiffs and the Collective Members of the provisions of 29 U.S.C. § 203(m) and its supporting regulations at any time prior to taking the tip credit and at any time over the duration of their employment with Defendants. As such, Defendants were not entitled to impose any tip credit upon Plaintiffs' or the Collective Members' wages and, consequently, paid Plaintiffs and the Collective Members less than the applicable minimum wage, in violation of 29 U.S.C. § 206 and A.R.S. § 23-363. Defendants should have therefore paid the full applicable, Arizona minimum wage to Plaintiffs and the Collective Members for all time that they worked during the course of their regular 40-hour workweeks. As such, the full applicable minimum wage for such time is owed to Plaintiffs and the Collective Members for the entire time they were employed by Defendants.

134.   Defendants did not inform Plaintiffs and the Collective Members of the amount of cash wage the Defendants were paying Plaintiffs and the Collective Members.

135.   Defendants did not inform Plaintiffs and the Collective Members of the additional amount claimed by Defendants as a tip credit.

136. Defendants did not inform Plaintiffs and the Collective Members that the tip credit claimed by Defendants cannot exceed the amount of tips actually received by Plaintiffs and the Collective Members.

137. Defendants did not inform Plaintiffs and the Collective Members that all tips received by Plaintiffs and the Collective Members were to be retained by Plaintiffs and the Collective Members except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips.

138. Defendants did not inform Plaintiffs and the Collective Members that the tip credit would not apply to any tipped employee unless the tipped employee had been informed of the tip credit provisions of 29 U.S.C. § 203(m) and its supporting regulations.

139. The Collective Members perform or have performed the same or similar work as Plaintiffs.

140. Defendants' failure to pay minimum wage compensation required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of Plaintiffs or the Collective Members.

141. While Plaintiffs and Defendants have described Plaintiffs' and the Collective Members' job titles as servers and bartenders, the specific job titles or precise job responsibilities of each Collective Member does not prevent collective treatment.

142. All Collective Members, irrespective of their particular job requirements and job titles, are entitled to proper minimum wage compensation for all hours worked in a given workweek.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

143.   Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula. The claims of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all of the Collective Members.

144.   As such, Plaintiffs bring their FLSA minimum wage claims as a collective action on behalf of the following class:

> **The FLSA Collective Members are all of Defendants' current and former servers and bartenders who were paid an hourly rate of less than the Arizona minimum wage on account of their receiving tips, starting <u>three years before this lawsuit was filed up to the present.</u>**

145.   Defendants' unlawful conduct, as described in this Collective Action Complaint, is pursuant to Defendants' corporate policy or practice of minimizing labor costs by refusing and/or failing to properly compensate its employees according to the FLSA.

146.   Defendants are aware or should have been aware that federal law prohibited them from requiring their servers and bartenders–namely, Plaintiffs and the Collective Members–to share their tips with employees who do not customarily and regularly receive tips.

147.   Defendants are aware or should have been aware that federal law required them to inform their servers and bartenders–namely, Plaintiffs and the Collective Members–of the tip credit provisions of the FLSA, 29 U.S.C. § 203(m) prior to imposing a tip credit upon their wages.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

148. Defendants' unlawful conduct has been widespread, repeated, and consistent.

149. This action is properly brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

150. Upon information and belief, the individuals similarly situated to Plaintiffs include more than one hundred (100) employees currently and/or formerly employed by Defendants, and Plaintiffs are unable to state the precise number of similarly-situated employees because that information is solely in Defendants' possession, custody, or control, but it can be readily ascertained from their employment records and the records of Defendants' payroll processor.

151. Notice can be provided to the Collective Members by First Class Mail to the last address known to Defendants, via email at the last known email address known to Defendants, and by text message to the last known telephone number known to Defendants.

**DAMAGES**

152. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

153. Plaintiffs and the Collective Members are entitled to recover compensation for the hours they worked for which they were not paid at the federally mandated minimum wage rate.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

154.    Plaintiffs and the Collective Members are entitled to recover compensation for the hours they worked for which they were not paid at the Arizona mandated minimum wage rate.

155.    Plaintiffs and the Collective Members are entitled to recover compensation for the hours they worked for which they were not paid at the applicable minimum wage rate.

156.    Plaintiffs and the Collective Members are entitled to recover all tips that Defendants improperly required them to contribute into a pool that contained employees who do not customarily and regularly receive tips.

157.    Plaintiffs and the Collective Members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

158.    Plaintiffs and the Collective Members are also entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## COUNT ONE: FAIR LABOR STANDARDS ACT
## ILLEGAL TIP POOL AND TIP RETENTION

159.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

160.    Defendants engaged in the regular policy and practice of not allowing Plaintiffs and the Collective Members to retain all tips they received. Specifically, Defendants subjected Plaintiffs and the Collective Members to their policy and practice of requiring participation in a tip pool that included staff who do not customarily and regularly receive tips, such as cooks, dishwashers, and management.

161.    Defendants engaged in such conduct in direct violation of 29 U.S.C. § 203(m).

162.    Therefore, Defendants were precluded from exercising a tip credit against Plaintiffs' and Collective Members' wages, and the manner in which Defendants paid Plaintiffs and the Collective Members violated 29 U.S.C. § 206(a).

163.    Defendants therefore did not pay Plaintiffs and the Collective Members the applicable minimum wage according to the provisions of the FLSA for each and every workweek that Plaintiffs worked for Defendants, for the duration of their employment, in violation of 29 U.S.C. § 206(a).

164.    As such, full applicable minimum wage for such time Plaintiffs and the Collective Members worked is owed to Plaintiffs and the Collective Members for the entire time they were employed by Defendants.

165.    Defendants knew that – or acted with reckless disregard as to whether – their failure to pay to Plaintiffs and the Collective Members the full minimum wage as a result of improperly requiring Plaintiffs and the Collective Members to participate in an illegal tip pooling arrangement and retaining Plaintiffs' and the Collective Members' tips and over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiffs' and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

166.    Plaintiffs and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an

additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

WHEREFORE, Plaintiffs, Jessica Ramirez, Laurin Godson, and Victoria Lisak, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiffs' and the Collective Members' favor, and against Defendants:

A.     For the Court to declare and find that the Defendants committed one or more of the following acts:

   i.     violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay proper minimum wages;

   ii.    willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206;

B.     For the Court to award damages in the amounts of all tips contributed to the improper tip pooling arrangement that included employees who do not customarily and regularly receive tips;

C.     For the Court to award damages in the amounts of all tips contributed to the collective fund owned and maintained entirely by Defendants;

D.     For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

E.     For the Court to award prejudgment and post-judgment interest on any damages awarded;

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

F.   For the Court to award Plaintiffs' and the Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

G.   For the Court to provide reasonable incentive awards for each named Plaintiff to compensate them for the time they spent attempting to recover wages for the Collective Members and for the risks they took in doing so; and

H.   Such other relief as this Court deems just and proper.

**COUNT TWO: FAIR LABOR STANDARDS ACT
FAILURE TO PROVIDE TIP CREDIT NOTICE**

167.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

168.   Defendants did not inform Plaintiffs and the Collective Members of the provisions of the "tip credit" and 29 U.S.C. § 203(m) and its supporting regulations.

169.   Defendants therefore did not pay Plaintiffs and the Collective Members the applicable minimum wage according to the provisions of the FLSA for each and every workweek that Plaintiffs and the Collective Members worked for Defendants, for the duration of their employment, in violation of 29 U.S.C. § 206(a).

170.   As such, full applicable minimum wage for such time Plaintiffs and the Collective Members worked is owed to Plaintiffs and the Collective Members for the entire time they were employed by Defendants.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

171.   Defendants knew that – or acted with reckless disregard as to whether – their failure to pay to Plaintiffs and the Collective Members the full minimum wage over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiffs' and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

172.   Plaintiffs and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

WHEREFORE, Plaintiffs, Jessica Ramirez, Laurin Godson, and Victoria Lisak, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiffs' and the Collective Members' favor, and against Defendants:

I.   For the Court to declare and find that the Defendants committed one or more of the following acts:

iii.   violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay proper minimum wages;

iv.   willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206;

THE BENDAU LAW FIRM PLLC
P.O. Box 97066,
Phoenix, AZ 85060

J.   For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

K.   For the Court to award prejudgment and post-judgment interest on any damages awarded;

L.   For the Court to award Plaintiffs' and the Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

M.   For the Court to provide reasonable incentive awards for each named Plaintiff to compensate them for the time they spent attempting to recover wages for the Collective Members and for the risks they took in doing so; and

N.   Such other relief as this Court deems just and proper.

## REQUEST FOR COLLECTIVE ACTION CERTIFICATION

As to Counts I and II of this Complaint, Plaintiffs requests that the Court designate this action as a collective action on behalf of the FLSA Collective Members and promptly issue a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual Consent to Sue Forms pursuant to 29 U.S.C. § 216(b).

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 27th day of February, 2017.

THE BENDAU LAW FIRM, PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I certify that on this 27th day of February 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to all parties by operation of the Court's electronic filing system. The Parties may access this filing through the Court system.

/s/     *Clifford P. Bendau, II*
Clifford P. Bendau, II
Attorney for Plaintiff