# THE BENDAU LAW FIRM, PLLC

# Exhibit A

## **SETTLEMENT AGREEMENT and RELEASE**

This Settlement Agreement and Release (the "Agreement") is entered into by and between Thomas Arnold, Inc., Thomas Brodie, Inc., Thomas Brodie II, Inc., Dean L. Thomas and Richard Brodie on the one hand (collectively the "Pasty Defendants") and Jessica Ramirez, Laurin Godson, and Victoria Lisak (the "Named Plaintiffs"), individually, and on behalf of those individuals who have opted-in to this lawsuit (the "Collective Members") on the other hand (the representative Plaintiffs and Collective Members are referred to herein as "Plaintiffs"). The Pasty Defendants and Plaintiffs are referred to collectively herein as the "Parties."

## **RECITALS**

A. The Pasty Defendants own and operate restaurants commonly known as the Cornish Pasty Company.

B. Plaintiffs all worked as servers or bartenders for one or more of the Pasty Defendants.

C. On or about January 18, 2017, the representative Plaintiffs filed a lawsuit in the United States District Court for the District of Arizona, Civil Action No. CV-17-00150-PHX-SMM (the "Lawsuit") against the Pasty Defendants alleging violations of the Fair Labor Standards Act and the Arizona Minimum Wage Act asserting that the Pasty Defendants had not paid the representative Plaintiffs the required minimum wage.

D. As part of the Lawsuit, the representative Plaintiffs alleged a Collective Action under the Fair Labor Standards Act and a Class Action under Arizona law.

E. Pursuant to the Collective Action and after the representative Plaintiffs provided notice to all present and former servers and bartenders of the Pasty Defendants about the Lawsuit, additional plaintiffs joined the Lawsuit as part of the Collective Action.

F.  The Parties subsequently agreed to submit the Lawsuit and the issues raised therein to private mediation.  During the mediation, the Parties agreed to settle the issues raised in the Lawsuit on the terms provided for herein.

G.  The Parties desire to fully, finally, absolutely compromise and settle any and all claims that have been or could have been asserted in the Lawsuit or arising out of Plaintiffs' employment with the Pasty Defendants.

H.  In consideration of the covenants and agreements contained in this Agreement, and further valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties herein agree as follows:

## AGREEMENT

1.  **Recitals**.  All recitals to this Agreement are true and correct and are part of this Agreement.

2.  **No Admission of Liability**.  This Agreement is a compromise and shall not be construed as an admission of liability by any party, but strictly an instrumentality to avoid litigation between and among the Parties.

3.  **Consideration**.  The Pasty Defendants will pay Plaintiffs the sum of One Hundred Thousand and 00/100 dollars ($100,000.00) payable in eight (8) quarterly payments of Twelve Thousand Five Hundred and 00/100 dollars ($12,500.00) each commencing on March 15, 2018 and continuing every three months, payable on the fifteenth of the month, thereafter until paid in full.  The eight quarterly payments of $12,500.00 will be paid by the Pasty Defendants delivering a check to counsel for Plaintiffs on or before the due date of each payment.  Counsel for Plaintiffs will distribute the payments to Plaintiffs as agreed among the Plaintiffs.

4. **Nature of the Payments**. The Parties agree that the payments to Plaintiffs referred to in paragraph 3 above will be treated as 1099 income to Plaintiffs and that Plaintiffs will be responsible for all taxes associated with such payments. Each Plaintiff will provide a W-9 Form to counsel for the Pasty Defendants prior to the date of the first quarterly payment. Plaintiffs' counsel will also provide the Pasty Defendants' counsel will the amounts that each Plaintiff receives from the payments so that the Pasty Defendants can issue the 1099 tax forms to Plaintiffs.

5. **Service Award**. The representative Plaintiffs, Jessica Ramirez, Laurin Godson and Victoria Lisak will each receive a service award of $2,000.00 from the $100,000.00 settlement payment referred to in paragraph 3 above.

6. **Attorneys' Fees**. Attorneys' fees of 33.33% of the $100,000.00 settlement payment plus costs of up to $6,000.00 will be paid from the $100,000.00 settlement payment referred to in paragraph 3 above.

7. **Mediation Fees**. The Parties agree that the Pasty Defendants will pay the full amount of the mediator's fees.

8. **Consent Judgment**. In connection with this Agreement, the Pasty Defendants will stipulate to a consent judgment in favor of Plaintiffs in the amount of One Hundred Thirty-Five Thousand and 00/100 dollars ($135,000.00). Plaintiffs agree not to file the consent judgment unless the Pasty Defendants default in their obligation to make the quarterly payments referred to in paragraph 3 above. If the Pasty Defendants fail to make a payment as required by paragraph 3 above, Plaintiffs will first give the Pasty Defendants notice and a ten day opportunity to cure the default before filing the consent judgment with the court. The notice of default shall be sent to:

The Cornish Pasty Company
Attention Lauren Almeter
923 South Maple Avenue
Tempe, Arizona 85281

And

Chris R. Baniszewski
Warner Angle Hallam Jackson & Formanek, PLC
2555 E. Camelback Road, Suite 800
Phoenix, Arizona 85016
cbaniszewski@warnerangle.com

9.  **Release of Claims**.  By signing this Agreement, the Named Plaintiffs, and the Collective Members via the Named Plaintiffs,[1] hereby waive, release and discharge, and agree that they will not institute, prosecute or pursue any and all complaints, claims, charges, claims for relief, demands, suits, actions and causes of action, whether in law or in equity, which they assert or could assert against the Pasty Defendants at common law or under any statute, rule, regulation, order, or law, whether federal, state or local, on any grounds whatsoever, known or unknown, and whether accrued, absolute, contingent, unliquidated, asserted or unasserted, inchoate or choate, including but not limited to, any and all claims arising under the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Worker Adjustment and Retraining Notification Act, the Employee Retirement Income Security Act, the Family and Medical Leave Act, the United States Constitution, the Arizona Constitution, the Arizona Minimum Wage Act, the Arizona Employment Protection Act, the

---

[1]  The Collective Members are all individuals who have opted in to this lawsuit.  Those individuals are Iesha Garcia, DeAnna Cali, Hailey Gehre, Leah Brittany Levy, Lindsay McNelly, Stephanie Chase, Haley Fraley, Megan Mica, Shannon Strohacker, Anthony Rodriguez, and Kayla Gilleland.

Arizona Civil Rights Act, and any and all actions for breach of contract, express or implied, breach of the covenant of good faith and fair dealing, express or implied, wrongful termination in violation of public policy, all other claims for wrongful termination and constructive discharge, and all other tort claims, including, but not limited to, intentional or negligent infliction of emotional distress, invasion of privacy, negligence, negligent investigation, negligent hiring or retention, defamation, intentional or negligent misrepresentation, fraud, and any and all other claims arising under laws and regulations relating to employment termination, employment discrimination or retaliation, wages, hours, benefits, compensation, and any and all claims for attorneys' fees and costs. Plaintiffs certify, represent and warrant that they have not filed or initiated any action, complaint, or charge against the Pasty Defendants in any federal, state or local court or administrative agency, or if they have, that they will not pursue and will dismiss such action or complaint. This release of claims includes, but is not limited to, any and all claims and causes of action set forth in any lawsuit, complaint or administrative charge pending in any federal, state or local court or administrative agency, including the Lawsuit, and includes all other claims arising out of Plaintiffs' employment or separation from employment with the Pasty Defendants up to and including the date of execution of this Agreement, whether known or unknown by Plaintiffs at the time of execution of this Agreement.

      10.    **Non-Disparagement**.   In order to avoid unnecessary and unfair damage to the Pasty Defendants' business reputation, Plaintiffs agree not to make any statements to any third parties, whether oral, written or electronic, or make any innuendos to such third parties which would tend to disparage, criticize or ridicule the Pasty Defendants. The Pasty Defendants agree not to make any statements to any third parties, whether oral, written, or

electronic, or make any innuendos to such third parties that would tend to disparage, criticize, or ridicule the Plaintiffs. In the event that a third party of any of the Plaintiffs (e.g., prospective employer, lender) should contact any of the Defendants, the Defendants agree to disclose only Plaintiffs' dates of employment and position(s) held. The Parties agree not to post any information regarding this Agreement or the lawsuit on any form of social media.

11. **Scope of Agreement and Acknowledgment.** Plaintiffs warrant, understand and agree that they:

> (a) are, through this Agreement, releasing any and all claims they may have against the Pasty Defendants except as expressly excluded in this Agreement;
>
> (b) have read and understood the terms of this Agreement, are signing voluntarily and without coercion, and knowingly and voluntarily agree to all the terms set forth in this Agreement;
>
> (c) knowingly and voluntarily intend to be legally bound by the same;
>
> (d) were advised and hereby are advised in writing to consider the terms of this Agreement and consult with an attorney of their choice prior to executing this Agreement.

12. This Agreement and all questions relating to its validity, interpretation, performance and inducement shall be governed by, construed, interpreted and enforced in accordance with the substantive laws of the State of Arizona.

13. All representations, warranties and covenants contained in this Agreement shall survive execution of this Agreement, and shall remain binding upon the party making the representation, warranty and covenant after execution of this Agreement.

14. The Parties represent, warrant and agree that (I) they are fully aware and clearly understand all of the terms and provisions contained in this Agreement; (ii) they have

voluntarily, with full knowledge and without coercion or duress of any kind, entered into this Agreement; (iii) they are not relying on any representation, either written or oral, express or implied, made to them by any party or anyone else other than as set forth in this Agreement; and (iv) the consideration they received to enter into this Agreement under the arrangement contemplated by this Agreement has been actual and adequate.

15. This Agreement constitutes and expresses the entire agreement and understanding between the Parties hereto in reference to matters stated herein. No prior discussions, promises, representations, warranties or understandings relative thereto, if any, shall be of any force or effect. No provision of this Agreement may be amended, modified, supplemented, changed, waived, discharged or terminated except by an instrument in writing signed by the party against whom enforcement of the amendment, modification, supplementation, change, waiver, discharge or termination is sought.

16. This Agreement is binding upon and inures to the benefit of the Parties and their respective officers, directors, successors, heirs, executors, administrators, personal representatives, beneficiaries, partners, agents and assigns.

17. This Agreement may be executed in counterparts, and facsimile signatures shall be as effective as original signatures.

Effective this __3__ day of January, 2018.


**Thomas Arnold, Inc.**                                            **Jessica Ramirez**

_____                           _____
By:

_____
Its:

**Thomas Brodie, Inc.**                                **Laurin Godson**

_____                         _____
By:

_____
Its:

**Thomas Brodie II, Inc.**                             **Victoria Lisak**

_____                         _____
By:

_____
Its:

**Dean L. Thomas**

_____

**Richard Brodie**

_____

voluntarily, with full knowledge and without coercion or duress of any kind, entered into this Agreement; (iii) they are not relying on any representation, either written or oral, express or implied, made to them by any party or anyone else other than as set forth in this Agreement; and (iv) the consideration they received to enter into this Agreement under the arrangement contemplated by this Agreement has been actual and adequate.

15. This Agreement constitutes and expresses the entire agreement and understanding between the Parties hereto in reference to matters stated herein. No prior discussions, promises, representations, warranties or understandings relative thereto, if any, shall be of any force or effect. No provision of this Agreement may be amended, modified, supplemented, changed, waived, discharged or terminated except by an instrument in writing signed by the party against whom enforcement of the amendment, modification, supplementation, change, waiver, discharge or termination is sought.

16. This Agreement is binding upon and inures to the benefit of the Parties and their respective officers, directors, successors, heirs, executors, administrators, personal representatives, beneficiaries, partners, agents and assigns.

17. This Agreement may be executed in counterparts, and facsimile signatures shall be as effective as original signatures.

Effective this ____ day of December, 2017.

Thomas Arnold, Inc.                                                Jessica Ramirez

By: _____                                          _____

Its: _President_

**Thomas Brodie, Inc.**

By: _/s/_____

Its: _President_____

**Thomas Brodie II, Inc.**

By: _/s/_____

Its: _President_____

**Dean L. Thomas**

_/s/_____

**Richard Brodie**

_/s/ Richard Brodie_____

**Laurin Godson**

_____

**Victoria Lisak**

_____